UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X

JAVIER SMITH,

                                Plaintiff,   **COMPLAINT**

        -against-                  **CV-08-4829**

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; SUPERVISOR JOHN DOE #
1; P.O. JOHN W. CASCONE, Shield # 29195,   ECF Case
and P.O. JOHN DOES 1-5; the individual
defendants sued individually and in   Jury Trial Demanded
their official capacities,

                             Defendants.

---------------------------------------- X

**AMON, J.**

**AZRACK, M.J.**

### PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which occurred on or about February 13, 2008. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest and imprisonment, assault and battery, excessive force, unlawful search and seizure, unconstitutional conditions of confinement, retaliation for free speech, conspiracy, intentional and negligent infliction of emotional distress, fabricated evidence, harassment, abuse of

process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. A notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claims. Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

5. Plaintiff Javier Smith is a resident of the State of New York, Richmond County.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendant Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8. Defendant Supervisor John Doe # 1 is a New York City Police Supervisor employed with the 67th Precinct, located in Brooklyn, New York who violated plaintiff's rights as described herein.

9. Defendant John W. Cascone is a New York City Police Officer, assigned Shield # 29195, employed with the 67th Precinct, located in Brooklyn, New York who violated plaintiff's rights as described herein.

10. Defendants John Does # 1-5 are New York City Police Officers employed with the 67th Precinct, located in Brooklyn, New York who violated plaintiff's rights as described herein.

11. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

12. The following is a summary set forth for the purpose of demonstrating and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

13. On or about February 13, 2008, at approximately 9:20 p.m. at and in the vicinity of 35th Street and Church Avenue, Brooklyn, New York, defendant police officers Supervisor John Doe # 1, P.O. Cascone, and John Does # 1-5, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

14. On or about February 13, 2008, at approximately 9:20 p.m. at and in the vicinity of 35th Street and Church Avenue, Brooklyn, New York, defendants Supervisor John Doe # 1, P.O. Cascone, and John Does # 1-5, without either an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff, or anyone in plaintiff's company, had committed a crime, falsely arrested plaintiff, by directing a car, in which he was a passenger, to pull over to a stop.

15. Once plaintiff was confronted, he was not free to disregard the defendants' questions, walk way or leave the scene.

16. During the arrest of plaintiff, defendants Supervisor John Doe # 1, P.O. Cascone, and John Does # 1-5 maliciously, gratuitously, and unnecessarily grabbed and struck plaintiff, twisted plaintiff's arms, placed excessively tight handcuffs on plaintiff's wrists, and threw plaintiff against a car while handcuffed. Plaintiff was injured as a result of these acts. Those defendants who did not touch plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

17. Thereafter, defendants Supervisor John Doe # 1, P.O. Cascone, and John Does # 1-5 transported plaintiff to the 67th Precinct and assigned him arrest number 614110.

18. Defendant Supervisor John Doe # 1 was present during the above-described incidents, and supervised and approved all the above-described conduct against plaintiff.

19. Eventually, the above defendants caused plaintiff to be transferred to Brooklyn Central Booking.

20. While at Central Booking plaintiff was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding, and unsanitary conditions.

21. The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees, including plaintiff, who sought their assistance.

22. While plaintiff was incarcerated at Central Booking awaiting arraignment, defendants Supervisor John Doe # 1, P.O. Cascone, and John Does # 1-5, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed a crime; and based on the officer's false allegations, the District Attorney's Office decided to prosecute plaintiff in New York County Criminal Court under docket number 2008KN011721.

23. To cover up their misconduct, defendants Supervisor John Doe # 1, P.O. Cascone, and John Does # 1-5, intentionally, knowingly and purposely provided false statements and information to cause plaintiff to be prosecuted.

24. Defendants Supervisor John Doe # 1, P.O. Cascone, and John Does # 1-5 initiated the above-stated malicious prosecution against plaintiff.

25. Defendants Supervisor John Doe # 1, P.O. Cascone, and John Does # 1-5 lacked probable cause to believe the above-stated malicious prosecution could succeed.

26. Defendants Supervisor John Doe # 1, P.O. Cascone, and John Does # 1-5 acted with malice to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution.

27. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

28. Thereafter, the above-stated malicious prosecution, initiated by Supervisor John Doe # 1, P.O. Cascone, and John Does # 1-5, terminated in plaintiff's favor on or about February 15, 2008 when the grand jury dismissed all charges against plaintiff.

29. The individual defendants acted in concert committing these illegal acts against plaintiff.

30. The aforesaid events were not an isolated incident. Defendants Commissioner Raymond W. Kelly and Supervisor John Doe # 1 have been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, search arrestees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location. Commissioner Raymond W. Kelly and Supervisor John Doe # 1 are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Commissioner Raymond W. Kelly and Supervisor John Doe # 1 have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

31. Moreover, Commissioner Raymond W. Kelly and Supervisor John Doe # 1 were aware prior to the incident that the defendants lacked the objectivity, temperament, maturity,

discretion, and disposition to be employed as police officers. Despite such notice, Commissioner Raymond W. Kelly and Supervisor John Doe # 1 have retained these officers, and failed to adequately train and supervise them.

32. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

33. The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

34. At no time prior to, during or after the above incidents were individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

35. As a result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

**FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

36. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

37. The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment, assault and battery, excessive force, unlawful search and seizure, unconstitutional conditions of confinement, retaliation for free speech, conspiracy, intentional and negligent infliction of emotional distress, fabricated evidence, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

38. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by false arrest and imprisonment, assault and battery, excessive force, unlawful search and seizure, unconstitutional conditions of confinement, retaliation for free speech, conspiracy, intentional and negligent infliction of emotional distress, fabricated evidence, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and

continuation of an unlawful municipal policy, practice, and custom.

39. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and New York State law.

40. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

41. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY**

42. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43. Defendants Raymond W. Kelly is liable in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

44. Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

45. Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

46. The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where

the incidents occurred, or at his Headquarters located in New York, New York, and creating a culture where officers are encouraged to violate, harass and assault those who question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

47. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

48. The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

### FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK

49. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

50. The City of New York directly caused the constitutional violations suffered by plaintiff.

51. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the officers involved in the present case were unfit to be police officers, and that it was

highly likely that they would commit the acts alleged in the present case.

52. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can violate, harass and assault citizens without consequence. Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

53. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

54. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

55. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: New York, New York
November 28, 2008

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 643-2900
mhueston@nyc.rr.com
By:

MICHAEL O. HUESTON (MH-0931)